UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINDIE MALLORY,<br><br>        Plaintiff,<br><br>v.<br><br>LOWES HOME CENTERS, LLC,<br><br>        Defendant. | Case No. 23-cv-01230-BLF<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

        This case was administratively closed on October 16, 2023, pursuant to the parties' notice of settlement and request to vacate all dates. *See* Order Vacating All Dates, ECF 21. The Court directed the parties to file a stipulated dismissal or a status report re settlement by December 15, 2023. *See id.* At the parties' request, the Court twice extended the deadline for dismissal, first to February 16, 2024 and then to April 19, 2024. *See* Orders on Joint Status, ECF 23; Order on Joint Status, ECF 25. The parties did not file the expected dismissal within the time provided, and the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. *See* Order to Show Cause, ECF 26. The parties' response to the Order to Show Cause was due on June 21, 2024, and none has been filed.

        Given these circumstances, the Court must determine whether dismissal of the case is appropriate under Federal Rule of Civil Procedure 41(b), authorizing dismissal for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) "operates as an adjudication on the merits" unless the Court expressly orders otherwise. *See id.*

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The first four factors factor strongly favor dismissal. This case has needlessly dragged on for months after the parties advised that they had reached settlement (first factor); the Court cannot manage its docket where parties fail to comply with its orders (second factor); the Court perceives no prejudice to Defendant if the case is dismissed (third factor); and the Court cannot fashion a less drastic alternative given the parties' failure to respond to the Order to Show Cause (fourth factor). The Court finds that these factors outweigh the public policy favoring disposition of cases on their merits (fifth factor).

Accordingly, this case is DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with a court order. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 18, 2024

_____
BETH LABSON FREEMAN
United States District Judge